UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


JAMAR L. DENT,

      Petitioner,

v.                                    CASE NO. 6:05-cv-273-Orl-31JGG

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

      Respondents.

_____

**ORDER**

      This case is before the Court on the amended petition for habeas corpus relief pursuant to

28 U.S.C. section 2254 filed by Petitioner (Doc. No. 7).  Upon consideration of the petition, the

Court ordered Respondents to show cause why the relief sought in the petition should not be granted.

Thereafter, Respondents filed a response (Doc. No. 10) to the petition for writ of habeas corpus.

*Procedural History*

      On November 14, 2002, the trial court adjudicated Petitioner guilty of two counts of lewd

act upon a child and sentenced him to imprisonment for a term of 156.5 months  as to each count,

with the sentences to run concurrently.[1]

      Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which

affirmed *per curiam* on August 5, 2003.  Mandate was issued on August 22, 2003.

      On April 15, 2004, Petitioner filed a petition for writ of habeas corpus with the state

_____

      [1]On October 22, 2001, Petitioner entered pleas of guilty to the two counts of lewd act upon
a child, adjudication of guilt was withheld, and he was placed on probation.  Petitioner was later
found guilty of violating the terms of and conditions of the  probation, and the trial court then
adjudicated him guilty of the crimes.

appellate court,[2] which was denied on June 16, 2004.  Petitioner filed a motion for clarification, and,

on August 2, 2004, the state appellate court entered an order clarifying that the order of June 16,

2004, denied the habeas petition in its entirety.

*Petitioner's Habeas Petition is Timely*

> Pursuant to 28 U.S.C. § 2244,

>> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>>> (A)      the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

>>> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

>>> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>>> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>> (2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[2]Under the "mailbox rule," the pleading is deemed filed on the date it was signed and presumably submitted to the prison authorities for mailing.  *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).  All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

In the present case, Petitioner's conviction became final under Florida law on August 22, 2003, when the state appellate court issued mandate with regard to his direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal."). However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on November 3, 2003, which was ninety days after entry of the appellate court's order affirming *per curiam*. *See* Sup. Ct. R. 13(3).[3] Petitioner then had until November 3, 2004, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's initial federal habeas petition was deemed filed on February 18, 2005, under the mailbox rule.[4]

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his petition for writ of habeas corpus with the state appellate court, on April 15, 2004, 163 days of the one-year period had run. Those proceedings concluded on August 2, 2004, and the one-year period

---

[3]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

[4]Although Petitioner's initial habeas petition (Doc. No. 1) was stricken from the record, the envelope containing the petition is in the record and is postmarked February 18, 2005.

expired 202 days later on February 20, 2005.  Thus, the instant habeas petition was timely.

Accordingly, it is hereby **ORDERED** that, within twenty (20) days from the date of this

Order, Respondents shall file an Amended Response to Petition addressing the merits of Petitioner's

claims.  Of course, Respondents may raise procedural defenses if applicable.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 15th day of August, 2005.

Copies to:
pslc 8/15
Counsel of Record
Jamar L. Dent

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE