UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMAR L. DENT,

    Petitioner,

v.                                                                CASE NO. 6:05-cv-273-Orl-31JGG

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

## **ORDER**

This case is before the Court on the amended petition for habeas corpus relief filed by Petitioner pursuant to 28 U.S.C. section 2254 (Doc. No. 7) and his accompanying memorandum of law (Doc. No. 14). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 10) and a supplemental response (Doc. No. 16). Petitioner filed a reply to the responses (Doc. No. 22).

Petitioner alleges two claims for relief in his habeas petition: first, that he received ineffective assistance of appellate counsel; and second, that the trial court erred when it determined that he had violated the terms of his probation.

*Procedural History*

The procedural history of this case is set forth in the Court's Order of August 15, 2005 (Doc. No. 11), and is incorporated herein.

*Claim One*

Petitioner contends that he received ineffective assistance of appellate counsel because appellate counsel failed to argue the following on direct appeal: 1) that the trial court "failed to make the necessary determination that revocation of probation was warranted"; and 2) that the trial court revoked Petitioner's probation without the "observance of due process requirements."

*1.      Legal Standard*

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), *cert. denied,* 469 U.S. 956 (1984). The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992).[1]

Appellate counsel need not raise issues that he (or she) reasonably concludes will not be considered on the merits by the appellate court. *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984). Likewise, appellate counsel need not brief issues reasonably considered to be without merit. *Alvord*, 725 F.2d at 1291. Appellate counsel must be allowed to exercise his (or her) reasonable professional judgment in selecting those issues most promising for review, and "[a] brief

---

[1] The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687.

that raises every colorable issue runs the risk of burying good arguments . . . . " *Jones v. Barnes*, 463 U.S. 745, 753 (1983).

    *2.    Discussion*

The record reflects that Petitioner's appellate counsel raised one claim on direct appeal: that the trial court erred by terminating and revoking Petitioner's probation when there was insufficient evidence presented that any alleged violation was willful and substantial. It is clear that Petitioner's appellate counsel specifically argued that the revocation of Petitioner's probation was erroneous.

Although appellate counsel's argument may not have been couched in the exact terms submitted by Petitioner above, it is clear that appellate counsel argued that the trial court erred in denying Petitioner's probation. Further, the initial brief was comprehensive, thorough, and well-argued. Certainly, the record clearly evinces the thoroughness and reasonableness of appellate counsel's work. *Cf. Thomas v. Scully*, 854 F. Supp. 944 (E.D.N.Y. 1994) (the appellate brief submitted by counsel clearly showed the thoroughness of counsel's work). The Court finds that the manner in which appellate counsel chose to argue that the trial court erred in revoking Petitioner's probation was consistent with reasonable appellate strategy that, under the deferential standard of review articulated in *Strickland*, should not be second-guessed.

Accordingly, in light of 1) the discretion afforded to appellate counsel in arguing issues and selecting those issues most promising for review, and 2) Petitioner's failure to demonstrate that arguing the claim in a different manner would have made the claim more viable on appeal, the Court finds that appellate counsel's performance was not deficient and that Petitioner has not demonstrated


prejudice. Hence, this claim must fail.[2]

*Claim Two*

Petitioner argues that the trial court erroneously revoked his probation because it failed to demonstrate a willful and substantial violation by Petitioner.

Petitioner raised this claim on direct appeal, but he did not present the claim in terms of a deprivation of a federal constitutional right. Generally, a "federal court may not grant habeas corpus relief to a state prisoner who has not exhausted his available state remedies." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998). The exhaustion of state remedies requires that petitioners "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation omitted) (quotations omitted). Hence, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66; *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding that "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."); *Snowden*, 135 F.3d at 735 (holding that "to exhaust state remedies fully the petitioner must

---

[2] Further, the Court finds that this claim is precluded by section 2254(d). This claim was rejected by the state appellate court when raised in Petitioner's petition for a writ of habeas corpus. In considering this claim, Petitioner has not shown that the state appellate court applied a rule that contradicted the governing law set forth in the cases of the United States Supreme Court. Additionally, there is no indication that the result reached by the state appellate court was at odds with any United States Supreme Court case which considered "materially indistinguishable facts." Finally, Petitioner has not demonstrated that the state appellate court's application of the clearly established law regarding this claim was objectively unreasonable.

make the state court aware that the claims asserted present federal constitutional issues.").

In the present case, Petitioner only apprised the state court that the instant claim involved a violation of state law. Petitioner, on direct appeal, made no reference to the federal constitutional issues raised here. *Ziegler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (finding that the petitioner's federal habeas claims were not raised in the state court when the direct appeal made no reference to the federal constitutional issues raised in the federal habeas petition), *cert. denied*, 125 S. Ct 280 (2004). Petitioner did not alert the state court to the fact that he was asserting claims under the United States Constitution. "[O]nly claims that were raised as federal constitutional issues before the state courts have been exhausted in the state courts." *Snowden*, 135 F.3d at 736 n.4. Thus, Petitioner's claim is unexhausted.

Moreover, since he would be precluded from now raising this claim in the state courts, it is procedurally defaulted.[3] Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim must be denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[3]There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

1. The Petition for Writ of Habeas Corpus filed by Jamar L. Dent is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 23rd day of March, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 3/23
Counsel of Record
Jamar L. Dent